## Brumbach v. County of Berks

*Stevens & Lee,* for plaintiff.

*Dawson Muth,* county solicitor, for defendant.

SCHAEFFER, P. J., November 16, 1936.—This is an appeal from an award of $1,000 in favor of plaintiff made by viewers appointed by this court. The parties agree that the pertinent facts are that the Commonwealth of Pennsylvania, acting through the State Highway Department, in improving and widening the Reading and Allentown highway, known as Route 222, appropriated certain of plaintiff's land for the improved highway and also entered in the fall of 1933 upon plaintiff's lands beyond the right of way lines of the highway and, for drainage purposes, dug long and deep ditches extending for considerable distances from the edge of the highway. The hearing before the viewers resulted in an award in favor of plaintiff and against the county of $1,000 as compensation, not for the land appropriated within the lines of the improved highway, but for the land appropriated for the erection of the drainage ditches. From that award this appeal has been taken.

The county did not consent to the improvements nor agree to be liable for the damages accruing to land owners.

Upon trial the parties agreed that the sum of $1,000 was fair and just compensation for the land appropriated in the construction of the drainage ditches beyond the highway's right of way, and that a verdict should be directed in favor of plaintiff for that amount, subject to the reserved point as to whether as a matter of law the county is liable for damages arising in this manner.

It may be that the record has not been made in such a way as clearly to raise this issue of law, but plaintiff in his brief consents to the record being put into such shape as the court deems necessary. We accordingly assume that this has been done and shall consider only the liability of the county.

The entry, etc., upon plaintiff's lands was not performed by the county or by any agent, employe or representative of the county. The entry was by the Commonwealth. In order, therefore, to charge the county with liability for the damages ensuing from the entry, some statute fixing liability upon the county must be found. The Sproul Act of May 31, 1911, P. L. 468, creating the present State highway system, placed the liability for all land damages arising out of the appropriation of private property for public use in the construction and improvement of State highways upon the county. There such liability remained until section 16 of the Act of 1911 was amended by the Act of April 13, 1933, P. L. 41, which, together with the further amendments by Act of January 2, 1934, P. L. 209, and by Act of July 12, 1935, P. L. 946, sec. 3, places the liability for such damages upon the Commonwealth in all cases where the county commissioners of the county do not approve of the proposed changes to the highway and consent thereto. See Weittenspaner et al. v. Commonwealth, 28 Berks 211. In our case the county commissioners did not approve of the changes nor did they consent thereto. Clearly, therefore, there was no liability on the part of the county for the damages arising out of taking plaintiff's land for purposes of widening or improving the highway—nor is any claimed by plaintiff.

But plaintiff does contend that the Act of April 29, 1925, P. L. 360, 36 PS §344, which, for the first time, gave to the Commonwealth the right to enter upon private lands for the purpose of digging drainage ditches or changing watercourses whenever necessary to carry the waters from highways constructed or improved at the expense of the Commonwealth or under its supervision, expressly placed liability for damages thereby incurred upon the county. Section 3 of this act remained in force until amended by the Act of July 18, 1935, P. L. 1285. As the entry presently complained of occurred in the fall of 1933, it would appear that the Act of 1925, supra, ap-

plied, and that the county was liable. But defendant contends that the Act of 1925 is unconstitutional in that its subject is "not clearly expressed in its title." See article III, sec. 3. The title of the act is as follows:

"An Act Conferring on the Department of Highways power to enter upon private property, and open and maintain drainage channels along roads or highways constructed at the expense of the Department of Highways or under its supervision; and providing penalty for interference with such drains or ditches; and providing for the payment of damages."

The failure of the title to set forth that such damages are to be paid by the county within which the property is located renders the act in our opinion unconstitutional. This was so ruled in a well-considered opinion in Calkins et al. v. Bradford County, 23 D. & C. 151. The act was there held to be unconstitutional in that its title did not sufficiently give notice that it for the first time imposed upon counties liability for damages arising from the construction of drainage ditches on private land in connection with the construction and improvement of State highways. With the reasoning and conclusions there reached we agree. And in Easton v. Potter County, 7 Dist. R. 189, in a suit for bounties for the killing of noxious animals, it was held that the act upon which the suit was based was unconstitutional in that the title did not disclose to the commissioners of the several counties the fact that the burden of the payment of the bounties was by the act itself to be placed upon the several counties. To the same effect is Shear v. Potter County, 9 Dist. R. 289. Acts which attempt to place new burdens upon counties are unconstitutional unless an intention so to do is clearly indicated in the title: County Commissioners' Petition, etc., 255 Pa. 88, 93, where numerous cases are cited.

And now, to wit, November 16, 1936, the rule for judgment n. o. v. is made absolute.